IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) |
|  | )  12 C 8076 |
| WILLIE BROWN | ) |
|  | )  Judge Virginia M. Kendall |
|  | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Willie Brown, proceeding pro se, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Brown claims that his trial counsel was ineffective because she failed to investigate facts concerning a search warrant, failed to prevent the government from using conduct detailed in a plea agreement as grounds for a sentence enhancement, and failed to challenge this Court's conclusion that Brown was an armed career criminal. Brown also claims that his appellate counsel was ineffective because he did not appeal the district court's denial of Brown's motion to suppress evidence obtained pursuant to a search warrant. This Court denies Brown's petition for the reasons stated herein.

**BACKGROUND**

On July 14, 2010, a federal grand jury returned a three-count indictment against Brown charging him with: (1) being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1) (Count I); (2) possession of heroin with intent to distribute in violation of Title 21, United States Code, Section 841(a) (Count II); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United

1

States Code, Section 924(c)(1)(A) (Count III). (Dkt. No. 1.)[1] According to Chicago Police Officer Edward Sullins, police officers arrested an individual for selling narcotics on February 25, 2010. (12 C 8076, Dkt. No. 4 at 29, "Brown Memorandum.") This individual became an informant. (*Id.*) This informant identified Brown as his supplier and provided police officers with Brown's address. (*Id.*) Police officers used this information to obtain a warrant to search Brown's residence. (*Id.*) Police officers found heroin and firearms in Brown's residence and arrested Brown. (*Id.* at 30.)

Brown's trial counsel moved to suppress the evidence obtained from the search of Brown's residence. (Dkt. No. 12.) Defense Counsel argued that the facts used to establish probable cause were unreliable because police officers did not establish the reliability of their informant. (*Id.* at 3-4.) Defense Counsel also argued that police officers did not act in good faith in relying on the search warrant because a reasonable officer would have known that the affidavit used to obtain the search warrant failed to establish probable cause. (*Id.* at 4-5.) The government opposed Brown's motion to suppress.

In a written opinion after full briefing, this Court denied Brown's motion to suppress because the informant had recently been to Brown's residence, police officers corroborated the informant's identification of Brown and Brown's residence, and the judge who issued the search warrant met the informant and had the opportunity to assess the informant's credibility. (Dkt. No. 25 at 4-5.) This Court also determined that the search warrant contained a minimum indicia of illegal drug activity at Brown's residence such that a reasonable officer could have believed that probable cause existed. (*Id.* at 6-7.)

---

[1] Unless otherwise indicated, references to docket entries refer to the underlying criminal case, which is 10 CR 595.

On March 11, 2011, represented by counsel and after reviewing a written plea agreement, Brown entered a plea of guilty as to Count I. (Dkt. No. 59.) The plea agreement set forth the factual bases for Brown's offense. (*Id.*¶ 6.) The plea agreement also states that Brown stipulates to the possession of heroin in his apartment with the intent to distribute it "for the purposes of computing his sentence under Guideline §1B1.2." (*Id.* ¶ 7.) The plea agreement further states that the mandatory minimum sentence for Brown's offense is fifteen years if "the Court determines that defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) and is an Armed Career Criminal within the meaning of Guideline § 4B1.4." (*Id.* ¶ 8.a.) Although he entered a plea of guilty, Brown reserved the right to appeal this Court's denial of his motion to suppress. (*Id.*¶ 20.)

Before accepting Brown's plea of guilty, this Court held a change of plea hearing during which this Court determined that Brown's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. (Dkt. No. 94.) After placing Brown under oath, this Court determined that Brown was competent to enter a plea of guilty based on Brown's answers to a series of questions asked by this Court. (*See id.* at 6:24-7:1.) This Court accepted Brown's plea of guilty. (*Id.* at 24:1-7.)

On September 12, 2011, this Court sentenced Brown to 180 months in prison. (Dkt. No. 77 at 2.) During the sentencing hearing, the government identified at least three previous convictions for serious drug offenses committed on different occasions by Brown. (*See* Dkt. No. 95 at 7:14-19.) Defense Counsel conceded at sentencing that two of Brown's prior convictions qualified as serious drug offenses. (Dkt. No. 69 at 1). But Defense Counsel argued that one of Brown's prior convictions, a 1991 delivery conviction, did not qualify as a serious drug offense because the narrative for that offense did not indicate why the State of Illinois deemed the

offense a Class X felony. (*See id.* at 2-3 and Dkt. No. 95 at 8:3-11:12.) According to Defense Counsel, the offense itself—delivery of 0.15 grams of cocaine— was not a serious drug offense because it did not qualify as a Class X felony punishable by at least ten years in prison. (Dkt. No. 69 at 3.) Defense Counsel argued that something other than the offense itself, such as Brown's prior criminal history, rendered the offense a Class X felony. (*Id.*) Defense Counsel also argued that none of Brown's remaining offenses qualified as serious drug offenses. (*Id.* at 3-4.) Based on the evidence presented, however, this Court determined that Brown qualified as an armed career criminal because he committed more than three serious drug offenses. (Dkt. No. 95 at 25:4-18.) In fact, this Court found that Brown spent his entire adult life committing crimes involving drugs and weapons. As a result, this Court sentenced Brown as an armed career criminal. (*See id.*)

Brown filed a notice of appeal on September 18, 2011. (Dkt. No. 74.) The United States Court of Appeals for the Seventh Circuit appointed counsel on appeal for Brown. (Dkt. No. 89.) Appellate Counsel concluded that Brown's appeal was frivolous and asked to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Dkt. No. 101 at 2.) The Seventh Circuit granted Appellate Counsel's request and explained that: (1) Brown did not want his guilty plea set aside unless this Court's ruling on his motion to suppress was also set aside; (2) a challenge to this Court's ruling on Brown's motion to suppress would have been frivolous; and (3) a challenge to this Court's finding that Brown was an armed career criminal would have been frivolous. (*Id.* at 2-3)

### STANDARD OF REVIEW

A federal prisoner may move the court that imposed a sentence to vacate, set aside, or correct that sentence on the grounds that the court imposed the sentence in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose the sentence,

the sentence exceeded that permitted by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "Relief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A district court may dismiss a petition under § 2255 at an early stage—and without an evidentiary hearing—if the record before the court shows that the petitioner is not entitled to relief. *Id.*

The Sixth Amendment provides criminal defendants with the right to effective counsel. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011). Courts presume that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). To rebut this presumption, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that, but for his counsel's performance, the result of the proceeding would have been different. *Lathrop*, 634 F.3d at 937.

## **DISCUSSION**

Brown has not shown that his counsel's performance at trial or on appeal was deficient. Two of Brown's claims concern his motion to suppress evidence obtained pursuant to a search warrant. Brown claims that his counsel failed to challenge the existence of probable cause and the allegations in the search warrant. (*See* Brown Memorandum at 9.) But Brown's trial counsel did challenge the search warrant. Brown lost. And it is true that Brown's appellate counsel did not challenge the search warrant on appeal—he refused to do so because he thought it frivolous.

5

The Seventh Circuit agreed. (Dkt. 101 at 2.) Therefore, Brown's claim that his counsel was ineffective because it failed to challenge the search warrant at trial and on appeal fails.

Similarly, Brown's claim that his counsel failed to investigate the allegations in the search warrant also fails. As a threshold matter, "[w]hen a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, the petitioner has the burden of providing the court with specific information as to what the investigation would have produced." *Lathrop*, 634 F.3d at 939. Brown has not identified any information that would have come from an investigation of the informant. *See Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) ("a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.") Further, the judge who issued the search warrant had the opportunity to interview the informant. *See United States v. Johnson*, 289 F.3d 1034, 1040 (7th Cir. 2002) ("when a [confidential informant] accompanies the officer and is available to give testimony before the judge issuing the warrant, his presence adds to the reliability of the information used to obtain the warrant"). This further lessens the likelihood that Brown's counsel could have elicited information that would have undermined the legitimacy of the search warrant. In short, the informant provided reliable information that established probable cause to search Brown's residence and the allegations contained in the search warrant were sufficient for a reasonable police officer to consider the search warrant as valid. (*See* Dkt. No. 25.) Therefore, Brown's second claim fails.

Brown's third claim concerns whether Brown qualified as an armed career criminal. Brown's trial counsel argued, albeit unsuccessfully, that several of Brown's prior convictions did not qualify as serious drug offenses. On appeal, Brown's appellate counsel deemed any

challenge to Brown's qualification as an armed career criminal frivolous. The Seventh Circuit agreed as it rejected as frivolous Brown's argument that four other drug convictions did not meet the ten-year threshold for a serious drug offense due to recidivism enhancements. (Dkt. No. 101 at 3.) Therefore, Brown's third claim fails.

Brown's last claim concerns whether his trial counsel was ineffective because she failed to protect him from sentencing enhancements based on heroin possession, the charges for which the government dropped. This argument fails on two fronts. First, Brown stipulated to the government's use of his possession of heroin for sentencing purposes in the plea agreement that he voluntarily and competently entered. *See United States v. Smith*, 218 F.3d 777, 782 (7th Cir. 2000) (rejecting argument that "uncharged conduct and conduct for which [defendant] was not convicted" could not be used for sentencing purposes). When asked under oath whether he reviewed his plea agreement with counsel, Brown stated that he had and that counsel answered his questions regarding the plea agreement. (Dkt. No. 94 at 7:22-8:14.) Notably, Brown has not unconditionally asked to set aside his plea agreement.

Second, this Court sentenced Brown to the mandatory minimum for an armed career criminal. This was more than two years below the recommended guideline range. (*See* Dkt. No. 101 at 2.) As such, even if Brown could show that counsel's assistance was ineffective, he cannot show any prejudice as this Court could not have sentenced Brown to less than fifteen years. As the Seventh Circuit explained, "[c]ounsel last evaluates, but rightly deems frivolous, a challenge to the reasonableness of Brown's 180-month prison sentence. Brown's sentence is the lowest the judge could have imposed and therefore cannot be deemed unreasonably high." (*Id.* at 3.) Therefore, Brown's fourth claim fails.

Furthermore, this Court will not issue a certificate of appealability. A petitioner cannot appeal a denial of a petition under 28 U.S.C. § 2255 unless a Court issues a certificate of appealability. 28 U.S.C. § 2253(c); *see also Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). This requirement conserves judicial resources and protects appellate courts from the burden of unmeritorious petitions under § 2255. *See Young v. United States*, 124 F.3d 794, 799 (7th Cir. 1997). Courts may grant a certificate of appealability when a petitioner presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012). A substantial showing of the denial of a constitutional right requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000).

Because this Court denied Brown's ineffective assistance of counsel claims on the merits, Brown must show that reasonable jurists would find this Court's assessment of his constitutional claims either debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484). Brown has made no such showing here and this Court finds that reasonable jurists could not find room to debate its ruling on the merits of Brown's claims. This is particularly true in light of the appellate history of Brown's conviction, which has already deemed Brown's arguments frivolous. Therefore, Brown has not shown that a certificate of appealability is appropriate. *See* 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler*, 132 S.Ct. at 649 n.5.

## CONCLUSION

For the reasons stated herein, this Court denies Brown's motion attacking his sentence and declines to issue a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 7, 2013